IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAURICE E. KELLEY<br>114 Village Walk<br>Exton, Pennsylvania 19341<br><br>*Plaintiff,*<br><br>vs.<br><br>SYNTHES INC.<br>1302 Wrights Lane<br>West Chester, PA 19380<br><br>*Defendant.* | CIVIL ACTION<br><br>NO. _____<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby files the following Complaint against Defendant:

### INTRODUCTION

1. Plaintiff initiates this action to seek redress against Defendant, his former employer, for unlawful disability discrimination in violation of the Americans with Disabilities Act ("ADA") and other applicable federal and state law.

### PARTIES

2. Plaintiff is Maurice E. Kelley ("Plaintiff"), an adult individual currently residing at the above address.

3. Defendant, Synthes Inc. ("Defendant"), is a corporation that is believed and therefore averred to have been created and existing pursuant to the laws of the State of Delaware with a principal place of business at the above address.

4. At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of his or his job duties.

5. Defendant is an "employer" within the meaning of the ADA because it is engaged in an industry affecting interstate commerce and because they maintained or maintains fifteen ("15") or more employees for each working day in each of twenty ("20") or more weeks in the current or preceding calendar year.

6. It is believed and therefore averred that Defendant is an "employer" within the meaning of the Family Medical and Leave Act ("FMLA") as it engages in commerce, or in any industry or activity affecting commerce, and has fifty ("50") or more employees for each working day in each of twenty ("20") or more weeks in the current or preceding calendar year

7. Defendant also maintains a sufficient number of employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (requiring four or more employees).

## JURISDICTION and VENUE

8. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

9. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme

Court of the United States in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

10. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

11. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

## PROCEDURAL and ADMINISTRATIVE REMEDIES

13. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

14. Plaintiff has satisfied the procedural and administrative requirements for proceeding with an action under the ADA.

15. Plaintiff filed timely written charges of discrimination with the Philadelphia office of the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission alleging disability discrimination on or about April 25, 2013 (No. 530-2013-02475).

16. The instant action is timely because it is initiated at least ninety ("90") days after the issuance of a Right to Sue Letter by the EEOC as required by the ADA.

17. Plaintiff has exhausted his federal and state administrative remedies as to the allegations of the instant Complaint.

## FACTUAL BACKGROUND

18. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

19. Plaintiff is a former employee of Defendant.

20. Plaintiff suffers from sleep apnea and a form of narcolepsy.

21. Defendant was aware at all times relevant hereto that Plaintiff suffered from sleep apnea and narcolepsy.

22. Throughout 2012, Plaintiff elected to use eligible FMLA leave while employed by Defendant.

23. At one point, Plaintiff returned from FMLA leave and Defendant changed his work schedule.

24. Plaintiff's prior work schedule was 10:00 AM to 6:00 PM for years ("the old schedule")

25. The old schedule was helpful for Plaintiff due to his narcolepsy.

26. Plaintiff's narcolepsy causes difficult waking up in the morning.

27. In order to create a realistic probability of waking up, Plaintiff used four ("4") alarm clocks.

28. Upon return from his FMLA leave, Defendant deliberately changed Plaintiff's schedule to 6:30 AM to 2:30 PM.

29. Defendant took this measure despite the fact Plaintiff's doctor instructed him to maintain a consistent sleep regiment.

30. The decision to change Plaintiff's schedule was calculated in order to "set-up" Plaintiff to be late to work and make mistakes due to sleep deprivation.

31. Plaintiff was subsequently written up for being late and allegedly making mistakes at work.

32. On or about September 11, 2012, the Defendant unlawfully and pretextually terminated Plaintiff as a result of bogus "progressive discipline" and "unsatisfactory work performance."

33. Plaintiff was terminated by Defendant pretextually because of his disability and use of FMLA leave.

## COUNT I
## Violations of the Americans with Disabilities Act

34. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

35. Plaintiff is a "qualified individual with a disability" as that term is defined in the ADA because he has, or had at all times relevant hereto, a disability that substantially limited/limits one or more major life activities, or because he had a record of such impairment.

36. Plaintiff also is a "qualified individual with a disability" as that term is defined in the ADA because he was regarded as and/or perceived by Defendant and its agents as having a physical impairment that substantially limited/limits one or more major life activities.

37. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his disability or perceived disability.

38. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

## COUNT II
## Pennsylvania Human Relations Act

39. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

40. The foregoing disability discrimination by Defendant also violates the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*

41. As a result of Defendant's violations of the Pennsylvania Human Relations Act, Plaintiff has suffered damages, as set forth herein.

## COUNT III
## FMLA Interference & Retaliation

42. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

43. Plaintiff is an "eligible employee" within the meaning of the FMLA because he was:

   a. employed by Defendant for a period of at least twelve (12) months; and

   b. worked at least 1,250 hours in the twelve-month period immediately preceding the scheduled commencement of his FMLA leave.

44. Plaintiff was entitled to FMLA leave.

45. At all times relevant hereto, the Defendant was prohibited by law from interfering with, restraining, or denying the exercise of or attempt to exercise Plaintiff's FMLA rights.

46. At all times relevant hereto, the Defendant was prohibited by law from discharging or in any other manner discriminating against Plaintiff for opposing any practice made unlawful.

47. Pursuant to guidelines promulgated by the U.S. Department of Labor, the Defendant was at all times relevant hereto barred from considering Plaintiff's

FMLA leave as a negative factor in employment actions such as hiring, promotions or disciplinary actions. *See* 29 CFR § 825.220(c).

48. As a matter of law, Plaintiff need not show that he was treated differently than others in pursuing an FMLA interference claim, and the Defendant cannot justify its actions by establishing a legitimate business purpose for its decision.

49. As a matter of law, Defendant either unlawfully interfered with Plaintiff's FMLA leave or retaliated against Plaintiff for utilizing the same.

50. As a result of Defendant's violations of the FMLA, Plaintiff has suffered damages, as set forth herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against Defendant and that it enter an Order as follows:

a. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees based on any basis prohibited under applicable federal and state law and be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to his by Defendant's actions as permitted by applicable law;

e. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or any other employees from engaging in such misconduct in the future;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate including but not limited to reinstatement;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

i. Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action;

j. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

k. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of the Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KOLMAN ELY, P.C.

_____
Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
W. Charles Sipio, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138
tkolman@kolmanlaw.net
wely@kolmanlaw.net
wcsipio@kolmanlaw.net

*Attorneys for Plaintiff*

Dated: February 17, 2014